UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SUSAN LAURENDINE, ET AL.**                                                   **CIVIL ACTION**

**VERSUS**                                                                           **NO. 15-495**

**SEWERAGE & WATER BOARD OF**                                      **SECTION "K"(1)**
**NEW ORLEANS, ET AL.**

## ORDER AND REASONS

Before the Court is a Motion to Remand (Doc. 8) filed by plaintiffs Susan Laurendine, William Laurendine, Albert Leboeuf, Peter Ascani, III, Gladys Hodges and Theresa Harvey. This suit has now been removed to this Court for a third time, this time by the Sewerage and Water Board of New Orleans ("SWB").  Plaintiffs maintain that this matter should be remanded to Civil District Court for the Parish of Orleans ("CDC") because:

(1) the February 18, 2015, removal was procedurally untimely under 28 U.S.C. § 1446(b)(3) because it occurred more than thirty days after receipt of a copy of the Amended Master Class Action Petition;

(2) plaintiffs's expressly stated claims do not arise under the Constitution, law, or treaties of the United States, and this Court does not have "federal question" jurisdiction pursuant to 28 U.S.C. § 1331; and

(3) pursuant to 28 U.S.C. § 1441(c)(2), this Court is required to sever and remand to Civil District Court all claims which fall within the meaning of 28 U.S.C. § 144(c)(1)(B).

As the Court finds that the removal was procedurally untimely, the motion will be granted for the reasons that follow.

**Background**

This case arises out of the cataclysmic flooding caused by the failure of the levees abutting the outfall canals at 17th Street and London Avenue in the wake of Hurricane Katrina on August 29, 2005. In the initial petition, plaintiffs alleged that the Orleans Levee District, Parish of Orleans ("OLD") was liable for (1) designing and installing concrete flood walls which were below standard and potentially unstable in a flood; (2) failing to test the flood walls to withstand the strength of a storm surge, and (3) failing to interlock the flood walls. The suit was remanded by order of this Court on June 2, 2006 (Doc. 36 in *Harvey v. The Board of Commissioners,* C.A. No. 05-4568).

This Court rejected OLD's analysis and noted in its reasons that "[t]he fallacy with removing this case based on § 1441(a)(1) is that OLD did not "'act under the direction of a federal officer' to build or design any structure." In addition, the Court declined to exercise federal question jurisdiction as the Court found that the claims against OLD focused on whether OLD had the ability to act apart from the Corps or in concert therewith to fulfill its state law duties. The Court noted that a federal defense did not give rise to jurisdiction.

Subsequent to that opinion, the Court rendered an opinion in a related case which informed the Court's decision remanding this case for a second time on August 9, 2006. (*In re Katrina Canal Breaches Consolidated Litigation,* Re: 06-3529 *Laurendine,* Doc. 6). In its Order and Reasons remanding another suit removed by OLD, *Vanderbrook v. State Farm Fire & Cas.Co.,* C.A. No. 05-6323 "K"(2), the Court found that the same legal analysis applied to claims that rested solely on Louisiana law and duties owed to those plaintiffs under La. Rev. Stat. 38:281, La. Rev. Stat. 38:301(A)(1) which allow levee boards of the State of Louisiana to

2

construct and maintain levees and La. Rev. Stat. 38:301(B)(1) which provides that care and inspection of levees devolve on the commissioner.  Those claims also were based on the Louisiana concept of *garde* found at La. Civ. Code art. 2317 and negligence under La. Civ. Code art. 2315. This Court found that OLD was not under sufficient supervision of the Corps of Engineers to create federal officer jurisdiction concerning those claims, and likewise a federal defense to a state law claim did not create federal question jurisdiction.  *See Berthelot v. Boh Brothers Construction Co., L.L.C.*, 2006 WL 1984661 (E.D.La. June 1, 2006) (*Vanderbrook* remand opinion).

In its August 2006 opinion, the Court rejected OLD's second attempt to remove this case under 28 U.S.C §1446(b) in which it argued that the case had been made removable because plaintiffs had added three new causes of action, new plaintiffs and additional factual allegations. Because these "new" grounds were fundamentally the same grounds rejected in the *Vanderbrook* opinion, the matter was remanded again.

The SWB was added as a defendant in July of 2006 and the case has proceeded in state court since that time.  A Class Certification hearing was set to commence on April 20, 2015. On December 23, 2014, a Motion for Leave to File Master Class Action Petition was filed in CDC. (Doc. 8-4 at 2 of 29).  Plaintiffs opine that the sole purpose in its being filed was to streamline and clarify the litigation as the previous amendments were confusing and did not reflect certain matters learned during discovery and did not reflect the proposed class definition. (Doc. 801, at 2 of 19, n.2).  At the time it was filed on December 23rd, the proposed petition was accompanied by a letter to the Honorable Robert Burns and Counsel for Defendants.  That letter

3

was "clocked in" as well by the Clerk of Court for CDC at 3:35 p.m. on December 23, 2014. Doc. 8-4 at 1 of 29.

In the Memorandum in Support of the Motion for Leave, counsel for plaintiff explained that there had been two prior amendments to the initial petition, the last one having been in July of 2006, prior to the litigation of the federal cases contained in *In re Katrina Levee Breaches Litigation*, C.A. 05-4182. As such, plaintiffs sought to submit a master petition in order set forth all of the claims and parties in one pleading which was to "condense the three prior petitions into a single statement of their claims against the remaining defendants." (Doc. 8-4 at 6 of 29). The Order granting leave to file the Master Class Action Petition was signed on December 29, 2014 and entered on the Minutes of the court on January 6, 2015. (Doc. 8-4 at 3 of 29). Two days later, on January 8, 2015, a hearing was held before the Honorable Robert Burns which was attended by counsel for the SWB. At that hearing, a Motion to Substitute Bellwethers was argued.

At the very beginning of that hearing in response to counsel for plaintiffs' argument as to the substitution, Judge Burns made specific reference to certain plaintiffs that are listed in the amended class action petition that was filed on the date of December 23, of 2014. (Doc. 8-6 at 3 of 9). Ms. Jacobs responded that the people who were being sought to be added/substituted were not included in that document because the court had not ruled on the substitution. Moreover, addition of the new plaintiffs to the Amended Master Class Action Complaint was required because Anita Sarrat and Dale Atkins no longer wanted to participate in the litigation, leaving a geographical "hole" so to speak in the bellwether class representatives. As such, this new Amended Master Class Action petition was discussed in detail.

Mr. Lanier, counsel for SWB and Mr. Hassinger for DODT, did not register any surprise concerning this Amended Master Class Action petition. Rather, their seminal argument centered on the cost of including new petitioners past the cut-off under the Case Management Order or "CMO." After argument, Judge Burns indicated he would allow the substitution, (Doc. 8-6 at 15 of 19), but required the filing of a motion for leave to amend to add those new plaintiffs. (Doc. 8-6 at 17 of19). During that colloquy, the judge stated specifically that he had signed a Motion for Leave to File Master Class Action petition on December 28, 2014. *Id.*

Included in the subject Motion to Remand is an affidavit signed by Melvin J. Burmaster, an attorney admitted to practice in Louisiana, who stated that he sent plaintiffs the Amended Master Class Action to opposing counsel of record on December 22, 2014 to the proper addresses.

Counsel for SWB states in its opposition to this motion that "to date, neither defendant has received the mailing plaintiffs say they sent to defendants on December 22, 2014." (Rec. Doc. 12 at 2 of 17 n. 4). No affidavit to that end was filed; there is nothing other than this passing footnote to call into question the mailing of the Amended Master Complaint. Moreover, counsel states:

> The January 8, 2015, hearing resulted in plaintiffs filing a motion for leave and proposed Second Amended Master Class Action Petition. Still not aware of the filing of the Amended Master Class Action Petition, on **January 13, 2015**, the SWB objected to the filing of the Second Amended Master Class Action Petition because it is was such a dramatic departure from the Second Supplemental and Amending petition filed in 2006 and proposed almost ten years after Hurricane Katrina."

*Id.* n. 3. This Court does not have a copy of that the second motion for leave and proposed Second Amended Master Class Action Petition, and that motion is apparently still pending.

5

However, from the dialogue at the January 8, 2015 hearing, it would appear that the Second Amended Master Class Action Petition concerned the addition of new bellwether plaintiffs.

Thus, from the foregoing, at a minimum, counsel for defendants were apprised , at the January 8th hearing that a motion to file a Master Class Action Complaint had been filed on December 23, 2014 and granted on December 29, 2014. Moreover, defense counsel must have had a copy of the motion for leave to file a proposed **Second** Amended Master Class Action Petition by **January 13, 2015** if they were able to file an opposition thereto.  Again, by definition, this motion apprised counsel there must have been a **"First"** Amended Master Class Action Petition.

As proof of the timeliness of the removal, counsel for SWB filed as exhibits in the opposition to the motion to remand, the Citations for a document described as "AMENDED PETITION W/MOTION &MEMO ATTACHED."  These Citations were issued by the Clerk of the Civil District Court for the Parish of Orleans State of Louisiana on January 7, 2015, as to the Sewerage and Water Board of New Orleans (Doc. 12-1) and the Louisiana Department of Transportation and Development ("DOTD") (Doc. 12-2)  Apparently, these Citations accompanied service of the first Amended Master Class Action Petition which was made on January 21, 2015 on SWB and January 22, 2015 on DOTD.  It is on January 21, 2015, that SWB contends its time to remove this matter commenced and thus is timely.  With that as background, the Court will now analyze the timeliness of the removal of this matter.

**Timeliness of Removal**

As stated by Judge Lemelle in *4C's Land Corp. v. Columbia Gulf Transmission Co.*, C.A. No: 13-5532"B"(1), 2014 U.S.C. Dist. LEXIS 65062 (E.D.La. June 25, 2015):

> Federal Courts are courts of limited jurisdiction. *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996). A defendant may remove a civil action pending in state court only where a federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Once removal jurisdiction is challenged, the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. And Cas. Ins. Co.,* 276 F.3d 720 723 (5th Cir. 2002).

*Id.* at *3.

SWB has removed this matter based its contention that this Court has original federal question jurisdiction under 28 U.S.C. §1331 and it is properly removed pursuant to 28 U.S.C. § 1441(a). It maintains that federal question jurisdiction exists here because plaintiffs' allegations raised for the first time in plaintiffs' Amended Master Class Action Petition"that defendants' action substantially interfered with plaintiffs' free use and enjoyment of property which constituted a taking of property within the meaning of the United States Constitution " citing ¶¶ 112 and 129[1] and that plaintiffs' claim "will require resolution of issues premised on the application of federal law and regulations."

These allegations, pretermitting whether they are sufficient to raise federal question jurisdiction, were contained as an attachment to a Motion to Amend that was mailed to the defendants on December 22, 2014, as attested to by affidavit of the attorney Melvin J. Burmaster. The motion to amend was granted on December 29, 2014. The defendants argued a

---

[1] In reality in both instances the actual phrase was "within the meaning of the U.S. and Louisiana Constitutions." The distinction will be address *infra.*

7

motion in open court on January 8, 2015, wherein a significant discussion was had concerning the fact that an Amended Master Complaint had been filed and that the addition of substitute bellwether plaintiffs was needed as the withdrawing plaintiffs were not named in the new petition without any mention of not having received a copy thereof.  Indeed an opposition to a second motion was filed on January 13, 2015.  It is only with service that defendants contend that the time for removal runs.  Since service was effected on January 21, 2015 on SWB and January 22, 2015 on DODT,  SWB  and DODT argue that removal was done in a timely manner.

>Section 1446(b)(3) of Title 28 of the United States Code provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Here, plaintiffs have filed a sworn affidavit stating that the  Amended Master Class Action to Opposing counsel of record on December 22, 2014 at the proper addresses.  (Doc. 8-5).  SWB has stated in a footnote that neither SWB nor DODT ever received this mailing.

As stated by the United States Court of Appeals for the Fifth Circuit in *United States v. Ekong*, 518 F.3d 285 (5th Cir. 2007):

> "Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was address." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).  "A sworn statement is credible evidence of mailing for the purposes of the mailbox rule." *Custer v. Murphy Oil USA, Inc.,* 503 F.3d 415, 420 (5th Cir. 2007) (brackets and quotation marks omitted).  The placement of a letter in the mail may be proved by circumstantial evidence, including evidence of the sender's customary mailing practice.  *Id.*  The addressee's "bare assertion of non-receipt" is insufficient to rebut the assumption. *Id*. at 421.

*Id.* at 285.  Given that federal question jurisdiction has been invoked, this federal mailbox rule is applicable here.  Thus, it is appropriate to find, particularly in light of the rubric that any ambiguities are construed against removal and in favor of remand, that the defendants would be presumed to have received this no later than December 26, 2014.  As such, removal is clearly untimely.  SWB's bare assertion of non-receipt "of this mailing" is insufficient to rebut this assumption considering it is unclear whether it had not received a copy of the pleading in some other manner before January 18, 2015 or thirty days before this matter was removed to this Court.

This conclusion is supported given the January 8th hearing and the colloquy that occurred therein.  It appears to the Court that SWB's assertion to be a bit disingenuous considering the argument of counsel at that time.  It was clear that an Amended Master Class Action Complaint had been filed and was actively discussed.  Indeed, the need for the Second Amended Master Class Action Complaint was triggered by the Court's order allowing the first Amended Master Class Action Complaint to be filed as that complaint did not contain plaintiffs from certain geographical areas which needed to be included in this class action.  At no time during that hearing did counsel for SWB or DOTD register surprise or inform the Court that it was unaware of the Amended Master Class Action Complaint or lodge any objection thereto for counsel's failure to serve the motion concerning that amendment on them.

SWB's reliance on service to trigger the removal period is simply misplaced.  It is clear that the term "service or otherwise" means two different things in this statute based on the status of the litigation.  As dictated in *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 334, 354 (1999), formal service of process of a summons and complaint is required to trigger the removal

9

time clock at the instigation of litigation. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. at 348. Thus, a defendant is required to act, and is bound by the thirty day time-window, "only upon service of a summons or other authority – asserting measure stating the time within which the party served must appear and defend." Id. at 345. Defendants state unequivocally that "the law is clear" that "the time of removal begins upon service of the petition." (Doc. 12, p.12 of 17). This statement constitutes a clear misapprehension of the law of removal.

As outlined clearly in *Fernando Garcia v. MVT Services, Inc.*, 589 F.Supp.2d 797(5th Cir. 2008), section 1446(b) of Title 28 of the United States Code requires service as a trigger to the time for removal only at the commencement of the suit. After that, "service or otherwise" as contained in what is now § 1446(b)(3)[2] does not require the same procedural requirement:

> However, paragraph two of § 1446(b) allows for receipt of post-pleading documents for which the Federal Rules of Civil Procedure require less strict means of delivery than formal service of process. *Compare* Fed. R. Civ. P. 4 (generally requiring a summons and complaint to be delivered physically to constitute service absent waiver) *with* Fed. R. Civ.P. 5 (allowing for various other means to constitute "service" of post-pleading documents). Moreover the Fifth Circuit has held that "receipt" of "orders" and "other paper" can include documents wholly absent from the state court proceedings. *See Green v. R.J. Reynolds Tobacco co.*, 274 F.3d 263, 268 (5th Cir. 2001) (publishing of an order in unrelated case with the same defendant and similar facts and issues constituted receipt of order for purposes of §1446(b); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 200) (receipt by defendant of the plaintiff's demand letter outside the pleadings is "other paper" under paragraph two of § 14469b)); *S.W.S. Erectors Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)(removal petition based on evidence in deposition testimony supported federal jurisdiction under paragraph two of §1446(b)). If "service or otherwise" in the second paragraph

---

[2] The "second sentence" or "paragraph two" of § 1446(b) to which reference is made herein has been re-designated as §1446(b)(3) by the 2011 Amendments to the law by Title I of Pub.L. 112-63 which took effect upon the expiration of the 30-day period beginning on Dec. 7, 2011.

> require service of post-pleadings document as required under *Murphy Brothers* or even by the less stringent standards of Federal Rule 5, documents such as demand letters and orders published in other cases would be excluded. Accordingly, the term "service or otherwise" in paragraph two of § 1446(b) unlike paragraph one, does not require a party to receive a document by formal service.

*Fernando Garcia,* 589 F.2d at 802. Thus, based on the foregoing, the Court finds that defendants have failed in their burden to prove this matter was removed in a timely manner. *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This decision is buttressed by the requirement that any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. And Cas. Ins. Co.,* 276 F.3d 720 723 (5th Cir. 2002). The removal is thus procedurally barred.

Nonetheless, the Court will not assess attorney's fees, costs and expenses. Accordingly,

**IT IS ORDERED** pursuant to 28 U.S.C. §1447(c), the Motion to Remand (Doc. 8) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 26th day of June, 2015.

  _____
  **STANWOOD R. DUVAL, JR.**
  **UNITED STATES DISTRICT COURT JUDGE**